**William E. TURNER**

v.

**LEESONA CORPORATION; John Brown Inc. and Unam Life Insurance Company of America.**

Civ. A. No. 87–0271 P.

United States District Court, D. Rhode Island.

Oct. 15, 1987.

Stephen B. Lang, Providence, R.I., for plaintiff.

Mark A. Pogue, John Blish, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

### I. INTRODUCTION

The question is whether plaintiff may have his ERISA claim tried before a jury. For the reasons that follow, I rule that plaintiff's claims may not be tried before a jury.

William Turner became injured and applied for benefits under a Group Long Term Disability Insurance Policy which the defendant had issued to Turner's former employer. Turner alleged in his complaint that his application was wrongfully and arbitrarily denied.

The defendant argued that plaintiff's claims, which the defendant characterized as common law contract claims, were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA) and moved to dismiss under Federal Rule 12(b)(6). I denied the motion, holding that the plaintiff was not required to indicate the precise statute or case on which he will eventually rely.

Before I ruled on the defendant's motion, plaintiff moved to amend his complaint to include the language of ERISA, filing a copy of the proposed amended complaint with the clerk. The proposed amended complaint, like the original complaint, contains a jury trial demand. Defendant now objects to plaintiff's motion, arguing that jury trials are not available under ERISA. Because both the original and the proposed amended complaint contain a demand for a jury trial, I will consider defendant's objection to plaintiff's motion as a motion to strike the jury demand.

### II. DISCUSSION

The enforcement provisions of ERISA are contained in section 1132. The provide:

(a) A civil action may be brought—

(1) by a participant or beneficiary—

. . . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . .

29 U.S.C. § 1132(a)(1), (3).

█ That the statute does not expressly provide for jury trials does not end the inquiry. Legislative intent, if discernible, must be consulted. *Pernell v. Southall Realty*, 416 U.S. 363, 366, 94 S.Ct. 1723, 1725, 40 L.Ed.2d 198 (1974). If that reveals no ready answer, the question is whether the rights and remedies created are the type traditionally enforced in an action at law or equity. *Curtis v. Loether*, 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974).

Some courts have sought to divine intent from the structure of section 1132; they observe that while both provisions of the act are available to enforce the terms of the pension plan, only (a)(3) speaks of actions "to enjoin any act or practice" or "to obtain other appropriate equitable relief." They conclude that because (a)(1)(B) omits such equity language, it must be construed to provide legal remedies, else it be rendered superfluous. *See, e.g., Stamps v. Michigan Teamsters Joint Council*, 431 F.Supp. 745, 747 (E.D.Mich.1977).

This analysis fails to account for subdivision (e)(1), the jurisdictional prescription.[1] Federal courts are given exclusive jurisdiction over (a)(3) claims but share with state courts jurisdiction over (a)(1), (3) claims. This division of labor explains the bifurca-

tion without, it seems, diminishing either provision. *See Wardle v. Central States*, 627 F.2d 820, 829 (7th Cir.), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1980). It is also apparent that the two provisions differ in substance. Section (a)(1)(B) contemplates enforcement of pension plan terms only; a plaintiff may bring an action "to recover benefits ... under the terms of his plan," "to enforce his rights under the terms of the plan," or "to clarify his rights under the terms of the plan." Section (a)(3), in addition to permitting suits to enforce pension plan terms, provides for the enforcement of substantive federal rights granted by Title I of ERISA; a plaintiff may sue "to enjoin any act or practice which violates any provisions of this subchapter." This distinction provides further insight into the reason for the divided provisions: Congress believed that enforcement of substantive federal rights was a matter for federal judges, who may be more sensitive to the need for uniform interpretation and application of a federal statute.

The Conference Committee Report accompanying ERISA does not reveal the nature of the proceedings contemplated. Some courts, however, have fastened upon language in that Report which states that "(a)ll such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under Section 301 of the Labor-Management Relations Act of 1947." Conf.Rep. No. 93–1280, 93d Cong. 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 5038, 5107. According to these courts, because jury trials are permitted under Section 301, *see, e.g., Allen v. United Mine Workers of America*, 319 F.2d 594 (6th Cir.1963), they were intended, by the reference, to be permitted under ERISA. *See, e.g., Pollack v. Castrovinci*, 476 F.Supp. 606, 609 (S.D.N.Y.1984); *Stamps*, 431 F.Supp. at 746–47.

---

1. Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or be a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

This conclusion seems somewhat strained. As the Seventh Circuit Court of Appeals observed, the mere statement that ERISA actions are to be regarded "in similar fashion" to section 301 actions does not necessarily imply that all of the procedures developed over the years under that section were to be inserted wholesale into ERISA. *Wardle*, 627 F.2d at 829. The comparison to section 301 could just as likely indicate simply that ERISA actions, like Labor-Management Relations actions, were to be governed by federal, rather than state law. *See* Note, *The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA*, 96 Harv.L.Rev. 737, 742 (1983).

It is noteworthy that the reticence reflected in the Conference Report is not shared by the House and Senate Reports. Both indicate, in identical language, that "(t)he intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts." H.Rep. No. 93–533, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4655; S.Rep. No. 93–127, 93d Cong.2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 4838, 4871.

A review of the structure of the enforcement provisions as well as the legislative materials accompanying the statute's passage indicate that Congress simply did not decide the matter. The possibility of jury trials, though not accepted, was, it seems, not rejected either. In light of this congressional neutrality, the rights and remedies created by the state determine whether a jury trial is available.

Under ERISA, a beneficiary's assets under the pension plan are held "in trust". 29 U.S.C. § 1003(a). Congress invoked the common law of trusts to define the general scope of a trustee's authority and responsibility. *Central States v. Central Transport, Inc.*, 472 U.S. 559, 105 S.Ct. 2833, 2840, 86 L.Ed.2d 447 (1985). A suit for pension benefits under ERISA is therefore steeped in the law of trusts. *Strout v. GTE Products Corp.*, 618 F.Supp. 444, 445 (D.Me.1985).

■ Except in a small category of cases, the remedies of a beneficiary against a trustee are exclusively equitable. Restatement (Second) of Trusts § 197 (1959). This would preclude jury trials in all ERISA actions. There is, however, one exception. If the trustee "is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment." *Id.* at 198.

The contours of this action at law, a descendant of the common law writs of debt and general assumpsit, *id.* at comment b, are far from clear. Some cases suggest that such a claim is available "once the beneficiaries have a vested right to payment or when the trustee is obligated under the terms of the trust to make a distribution to the beneficiaries." *See Dixon v. Northwestern National Bank*, 297 F.Supp. 485, 489 (D.Minn.1969); *Jefferson National Bank of Miami Beach v. Central National Bank in Chicago*, 700 F.2d 1143, 1149 (7th Cir.1983). These cases distinguish between actions to compel the trustee to redress a breach of trust by replenishing the trust corpus, which are equitable, and actions for payment on an indebtedness arising out of a breach of trust, which are legal. *Jefferson National Bank of Miami Beach*, 700 F.2d at 1149. I believe, however, that a legal claim of "unconditional" payment is not available when eligibility is contested, since that would involve interpretation of the trust's terms, a distinct province of equity. *See Sichko v. Lewis*, 191 F.Supp. 68, 68–69 (W.D.Pa. 1960); *see also* Note, *The Right to Jury Trials in Enforcement Actions Under Section 501(a)(1)(B) of ERISA*, 96 Harv.L. Rev. 737, 752 (1983).

■ Because I interpret the exception to apply only when the trustee concedes eligibility but refuses, for some collateral reason, to distribute benefits, I perceive plaintiff's claim as falling on the equitable rather than the legal side of the divide. Whether the trustee is obligated under the terms of the trust is the gravamen of this controversy.

A further reason for classifying plaintiff's claims as equitable is that they are premised on the defendant's alleged breach of fiduciary duty. Not only does the plaintiff's proposed complaint state as much, but as a general rule a trustee owes a fiduciary obligation to a beneficiary "in relation to the fairness and adequacy of the procedure for deciding his claim for pension benefits." *Toland v. McCarthy*, 499 F.Supp. 1183, 1192 (D.Mass.1980). The First Circuit has concluded that "(a)ctions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'—carrying with them no right to trial by jury." *In Re Evangelist*, 760 F.2d 27, 29 (1st Cir.1985); *see also* Restatement of Restitution, introductory note at 9 (1937) ("(E)quity still retains jurisdiction of nearly all situations involving a breach of fiduciary duty.").

### III. CONCLUSION

Based on the foregoing I grant plaintiff's request to amend his complaint and to file the Proposed Amended Complaint with the clerk. Defendant's motion to strike the jury demand is granted.