**Leon L. PUZ, William A. Navarra, Dominick G. Mioni, Eleanor Samsa, Joseph Novad, Frank K. Luketic, August T. Anderson, Harold E. Hiler and Milan Zorinich, for themselves and all other persons similarly situated, Plaintiffs,**

v.

**BESSEMER CEMENT COMPANY, Louisville Cement Company, Gene P. Gardner, Robert L. Rosenberger, Defendants.**

Civ. A. No. 82–2378.

United States District Court,
W.D. Pennsylvania.

Aug. 25, 1988.

William T. Payne, Asst. Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., for plaintiffs.

Robert F. Prorok, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

OPINION

DIAMOND, District Judge.

This is an action brought by the post–1977 retirees of the Bessemer Cement Company ("Bessemer") seeking entitlement to lifetime health and life insurance benefits. The retirees assert causes of action under Sections 502(a)(1)(B), (a)(2) and (a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B), (a)(2) and (a)(3) and Section 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185. Presently before the court is the defendants' motion to strike plaintiff's jury demand. For the reasons set forth below, the motion will be denied.

The defendants argue that these causes of action are equitable in nature; and under *Turner v. CF & I Steel Corp.*, 770 F.2d 43 (3d Cir.1985), *cert. denied,* 474 U.S.

1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986), this court is precluded from granting a jury trial. On the other hand, plaintiffs argue that the dispute in the present case is contractual and thus legal in nature; therefore, trial by jury is appropriate and necessary.

In *Turner,* 770 F.2d 43, the United States Court of Appeals for the Third Circuit held that in a suit against a plan trustee for pension benefits under § 502(a)(1)(B) of ERISA, the beneficiaries of the plan do not have the right to a jury trial. In so holding, the court noted that the "remedies of trust beneficiaries against trustees or third parties are equitable rather than legal." 770 F.2d at 47 (*citing Nedd v. United Mineworkers of America,* 556 F.2d 190 (3d Cir.1977) (holding pensioners not entitled to jury trial in action under § 301 of the LMRA against trustees of a pension plan and a union for failure to pursue delinquent contributions from employers)). Defendants argue that *Turner* precludes the use of a jury in all actions brought under § 502(a)(1)(B). We do not agree.

In concluding that a jury trial was not required in suits under § 502(a)(1)(B) by a beneficiary or participant against a trustee, the *Turner* court was persuaded by the fact that "most cases brought under subsection (a)(1)(B) do not involve disputed factual matters." 770 F.2d at 46. The court noted that "[m]ost often the question is whether the trustees or plan administrators properly exercised discretion in denying or setting the level of benefits to a participant or beneficiary, an issue more appropriately resolved by the court." *Id.* The court concluded that "[t]he nature of most controversies under subsection (a)(1)(B), therefore, does not lend itself comfortably to the traditional jury trial." *Id.*

Based upon this language, this court believes that the *Turner* court did not intend its holding to be a blanket prohibition against the use of a jury trial in all cases brought under § 502(a)(1)(B). Where the dispute is factual and contractual in nature and does not relate to the trustee's exercise of discretion, utilization of a jury is appropriate. *See Transamerica Occidental Life Insurance Co. v. DiGregorio,* 811 F.2d 1249, 1251 n. 2 (9th Cir.1987) (recognizing that *Turner, supra,* does not prevent a jury trial when the issue is contractual in nature);[1] *see also Bower v. Bunker Hill Co.,* 114 F.R.D. 587 (E.D.Wash.1986) (breach of contract issues under § 301 of the LMRA or § 502(a)(1)(B), including issue of whether or not there is a contract for vested medical benefits, presented legal issues entitling pensioners to a jury trial); *but see Pane v. RCA Corp.,* 667 F.Supp. 168, 175 (D.N.J.1987) (refusing to distinguish *Turner* based upon existence of a factual dispute).

Although the present case does involve some issues, such as the breach of fiduciary duty claims, which must be tried by the court under *Turner,* the initial question and major issue in the case is contractual in nature and involves factual ambiguities relating to the interpretation of the termination provisions contained in the various agreements. Accordingly, the court concludes that the plaintiffs are entitled to have these factual ambiguities resolved by a jury. However, all other liability issues shall be tried to the court.

An appropriate order will be entered.

---

1. *Citing Turner,* the court in *Transamerica* noted that in some cases, "actions by ERISA beneficiaries to recover benefits are equitable for jury trial purposes." 811 F.2d at 1251 n. 2. The court noted, however, that "these cases involve pension suits against plan trustees, and their holdings turn on trust law rules under which such suits were previously heard in equity." *Id.* (*citing Turner,* 770 F.2d at 46–47). The court stated that "[i]n such cases, the question presented is whether the trustee's conduct or interpretation of his duties was arbitrary or capricious, a question traditionally for judges rather than juries." *Id.* (citations omitted). The court concluded that "[w]here an ERISA action is not of this pension-trust type, ... cases [such as *Turner*] do not apply." *Id.* (citation omitted). The *Transamerica* court noted that in *Transamerica,* the issue related to the interpretation of an insurance policy and was contractual in nature; thus, the beneficiary could have demanded a jury trial had the case gone to trial. *Id.* at 1251 n. 2; 1250–52.