Harold J. HAEFFELE, Plaintiff,

v.

HERCULES INCORPORATED, Hercules Incorporated Retirement Income Plan Pension Trust and Bankers Trust Company, as Trustee of the Hercules Incorporated Retirement Income Plan Pension Trust, Defendants.

Civ. A. No. 85–722 MMS.

United States District Court,
D. Delaware.

Jan. 11, 1989.

As Amended Jan. 19, 1989.

Richard G. Elliott, Jr., and William W. Bowser, of Richards, Layton & Finger, Wilmington, Del., for plaintiff.

Thomas Reed Hunt, Jr. of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

This opinion resolves the question of whether a right to jury trial exists in a breach of contract action brought under state law that is preempted by Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). The United States Magistrate recommended granting plaintiff's motion to strike defendants' jury demand on Count I of this action but denying the motion as to Count II. For the reasons stated below, the recommendation of the Magistrate will be adopted as to Count I but not as to Count II.

## BACKGROUND

On December 12, 1985 plaintiff Harold J. Haeffele brought an action against Hercules Incorporated, Hercules Incorporated Retirement Income Plan Pension Trust and Bankers Trust Company, as Trustee of the

Hercules Incorporated Retirement Income Plan Pension Trust ("defendants"), alleging that the refusal of defendants to extend benefits to him under an early retirement incentive program was a breach of contract under state law (Count I) and a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Count II). Previously, this Court granted summary judgment to defendants on both Counts. *Haeffele v. Hercules, Inc.,* 662 F.Supp. 1302 (D.Del.1987). However, the Court of Appeals for the Third Circuit reversed this Court's determination as to both Counts. *Haeffele v. Hercules, Inc.,* 839 F.2d 952 (3d Cir.1988).

On January 1, 1985 plaintiff announced his intention to take early retirement effective April 1, 1985. At the time he announced his retirement, plaintiff was eligible for early retirement benefits under Hercules' regular pension plan (i.e., Hercules Retirement Income Plan) but had not applied for inclusion in the regular pension plan pending announcement of certain amendments to the regular plan. Plaintiff alleges that on or about March 1, 1985, defendant Hercules Incorporated offered an incentive retirement plan known as the "1985 Flex–5 Retirement Incentive Program" ("Flex–5") to all full-time domestic salaried personnel working in the Hercules Specialty Chemical Company. On March 4, 1985 plaintiff completed an application for Flex–5. Plaintiff was informed on March 7, 1985 that he was not eligible for participation in Flex–5 and his application was rejected by defendants.

Count I of the complaint alleges that an enforceable contract exists between plaintiff and defendants for the payment of Flex–5 benefits and requests an order directing defendants to specifically perform the terms of that alleged contract. Plaintiff contends he entered a binding contract when he completed the application for Flex–5. Thus, plaintiff asserts he is entitled to additional retirement benefits. Count II seeks Flex–5 benefits under § 502(a)(1)(B) of ERISA and specific performance under § 502(a)(3) of ERISA.[1] Plaintiff contends defendants' denial of additional retirement benefits under Flex–5 was arbitrary and capricious.

Plaintiff moved to strike defendants' demand for a jury trial on both Counts. The right to jury trial issue was referred to the Magistrate for report and recommendation by order dated May 16, 1988. On August 25, 1988, the Magistrate, having reviewed the record and the parties' submissions, recommended that plaintiff's motion be granted as to Count II and denied as to Count I. As to Count II, the Magistrate relying upon *Turner v. CF & I Steel Corp.,* 770 F.2d 43, 46 (3d Cir.1985), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986), and *Gilliken v. Hughes,* 609 F.Supp. 178, 181 (D.Del.1985), found that the statutory claims seeking recovery of benefits under Flex–5 are equitable and thus preclude the right to jury trial.

As to Count I, the Magistrate held ERISA preempted the breach of contract claim pursuant to 29 U.S.C. § 1144(a). *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), and *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). After finding the action was preempted, the Magistrate held a right to jury trial existed as to the preempted breach of contract action. The Magistrate relied on recent case law suggesting § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("§ 301"), was the legislative model for ERISA. *Metropolitan Life Insurance Co.,* 107 S.Ct. at 1547; *Pilot Life Insur-*

---

1. Section 502 of ERISA states in pertinent part:
    (a) A civil action may be brought—
      (1) by a participant or beneficiary—

      .    .    .    .    .

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

      .    .    .    .    .

    (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;....

*ance Co.,* 107 S.Ct. at 1556–58. Under § 301 a jury trial is appropriate so long as the claim at issue is legal. *Nedd v. United Mine Workers of America,* 556 F.2d 190, 207 (3d Cir.1977), *cert. denied,* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978). The Magistrate reasoned that because a right to jury trial would exist if Count I were brought under § 301 so, too, should a right to jury trial exist for a state law breach of contract claim preempted by ERISA.

Plaintiff filed objections to the Magistrate's Report and Recommendation asserting that the breach of contract claim under Count I is an equitable claim and therefore no right to jury trial exists. Plaintiff argues *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981), and *Turner* stand for the broad proposition that all claims falling under ERISA, including a breach of contract claim preempted by ERISA, should be construed as equitable in nature. Plaintiff, citing *Wardle,* reasons it is improper to rely upon § 301 of the LMRA to determine whether a right to jury trial exists under ERISA. Plaintiff reads *Wardle* as standing for the proposition that ERISA was not designed to replicate § 301 in all aspects; rather, the legislative history to ERISA only indicates that federal courts should create federal common law under ERISA as federal courts do under § 301.

Defendants contend that a jury trial on Count I is appropriate because, although preempted by ERISA, plaintiff's action is ultimately a breach of contract claim for money damages.[2] Defendants essentially rely upon the argument accepted by the

Magistrate that § 301 of the LMRA serves as the model for ERISA and thus the right to jury trial in ERISA actions should be treated in the same manner as § 301 claims. The defendants contend Count I is solely a traditional legal claim and under § 301 would be a claim to which a right to jury trial would attach. Therefore, according to defendants, a right to jury trial exists on Count I even though it is preempted by ERISA.

### DISCUSSION

#### A. *Preemption*

■ Although Count I does not specifically address ERISA, the subject matter of the count implicates ERISA. Section 514(a) of ERISA provides that "the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. 1144(a); *see also Metropolitan Life Insurance Co.,* 107 S.Ct. at 1544 (discussing ERISA preemption of state laws); *Pilot Life Insurance Co.,* 107 S.Ct. at 1557 (same); *Barrowclough v. Kidder, Peabody & Co., Inc.,* 752 F.2d 923, 935 (3d Cir.1985) ("[T]his court has repeatedly considered claims for benefits by participants or beneficiaries that are based on the terms of rights under a plan as falling within 29 U.S.C. § 1132."). ERISA preempts state contract law as it applies to pension matters. It follows for purposes of Count I ERISA applies.

#### B. *Right to Jury Trial Under 502(a)(1)(B)*

■ The appropriate starting point for an analysis of whether or not a right to jury trial exists under § 502(a)(1)(B) of ERISA is the language of the statute it-

---

2. Defendants do not contend, nor did they ever contend in substance, that a right to jury trial exists as to plaintiff's statutory claim under Count II in which plaintiff seeks to recover benefits under the Flex–5 plan pursuant to sections 502(a)(1)(B) and 502(a)(3) of ERISA. Count II sets forth a claim under sections 502(a)(1)(B) and 502(a)(3) of ERISA whereby plaintiff alleges defendants arbitrarily and capriciously denied him benefits. The claim is one traditionally found in equity and thus no right to jury trial attaches. *See Cox v. Keystone*

*Carbon Co.,* 861 F.2d 390, 393 (3d Cir.1988) (remedy under 502(a)(3) explicitly equitable thus no seventh amendment right to jury trial); *Turner,* 770 F.2d at 47 (question of duties of plan trustees traditionally examined under law of trusts and thus equitable in nature); *Gilliken,* 609 F.Supp. at 181 (same); *see generally Curtis v. Loether,* 415 U.S. 189, 194–95, 94 S.Ct. 1005, 1008–09, 39 L.Ed.2d 260 (1979) (where only available remedy equitable no right to jury trial attaches under seventh amendment).

self.[3] Unfortunately, the language in ERISA provides no help in determining whether a right to jury trial exists under § 502(a)(1)(B). *See Turner,* 770 F.2d at 46 ("ERISA itself does not make any provision for a jury trial, and the sparse legislative history is not enlightening"). Because the statute provides no help in determining whether a right to jury trial exists on these facts, one must look to case law interpreting the right to jury trial under ERISA to determine if a right to jury trial attaches to a state law breach of contract claim preempted by ERISA.

An approach suggested by some courts to the jury right question under § 502(a)(1)(B) and adopted by the Magistrate is to grant a jury trial under ERISA whenever a jury trial would be appropriately granted under § 301 of the LMRA. *See Paladino v. Taxicab Industry Pension Fund,* 588 F.Supp. 37, 40 (S.D.N.Y.1984) (legislative model for ERISA is § 301, thus right to jury exists in ERISA action by union member seeking declaration with regard to rights to pension benefits because right to jury trial exists in similar action under § 301); *Pollock v. Castrovinci,* 476 F.Supp. 606, 609 (S.D.N.Y.1979), *aff'd w/o op.,* 622 F.2d 575 (2d Cir.1980) (legislative model for ERISA is § 301 and thus jury trial right in ERISA should be applied in fashion similar to § 301).

I respectfully disagree with those courts that have concluded ERISA actions must be conducted in a manner identical to § 301. In my opinion, they give too expansive a reading to the scant applicable legislative history.[4] Authoritative court statements and one commentator strongly suggest that Congress only intended ERISA to be governed by federal law as are actions under the LMRA, not be a duplicate of the LMRA. *See Metropolitan Life Insurance Co.,* 107 S.Ct. at 1547 (under ERISA as under § 301 proper to recharacterize state law cause of action preempted by ERISA

as action arising under federal law for purposes of removal and well-pleaded complaint rule); *Pilot Insurance,* 107 S.Ct. at 1557 (§ 301 looked upon as model for ERISA for preemption of state claims); *Wardle,* 627 F.2d at 829 (legislative history of ERISA "merely indicates Congress' intent that federal courts should create federal common law in civil actions under § 502(a)(1)(B) ... not that the identical rules of federal common law are necessarily to apply" in § 301 and ERISA claims); *Turner v. Leesona Corp.,* 673 F.Supp. 67, 70 (D.R.I.1987) (wrong to conclude that jury trials appropriate under ERISA because exist under § 301); *see generally* Note, "Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA," 96 Harv.L.Rev. 737, 742 (1983) (Congress intended only that ERISA actions be governed by federal law as are § 301 actions). Based on the above authorities and those which follow, I reject application of the § 301 analogy for determining the right to jury trial question under ERISA, because the legislative history to ERISA should only be read to indicate federal common law should govern ERISA actions.

The decision of the Court in this matter is controlled by *Turner,* 770 F.2d at 43. *Turner* held that a claim for pension benefits under § 502(a)(1)(B) is equitable, not legal in nature. As the *Turner* court stated:

> Most often the question is whether the trustees or plan administrators properly exercised discretion in denying or setting the level of benefits to a participant or beneficiary, an issue more appropriately resolved by the court.

*Id.* at 46. Every other Court of Appeals that has considered the right to jury trial in an action brought pursuant to § 502(a)(1)(B) seeking pension benefits has held likewise. *See Howard v. Parisian,*

---

**3.** *See supra* note 1 for language of the statute.

**4.** The applicable legislative history to ERISA states:

> All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to

those brought under section 301 of the Labor-Management Relations Act of 1947.

House Conf. Rep. No. 1280, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin. News 4639, 5038, 5107.

*Inc.,* 807 F.2d 1560, 1567 (11th Cir.1987) (jury trial not available in § 502(a)(1)(B) claim for health and insurance benefits); *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003, 1006–07 (4th Cir.1985) (no right to jury trial in action challenging decision to terminate pension benefits); *Katsaros v. Cody,* 744 F.2d 270, 278–79 (2d Cir.) (jury trial not available to defendant trustees in § 502(a)(1)(B) action seeking equitable remedy of restitution), *cert. denied sub nom., Cody v. Donovan,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *In re Vorphal,* 695 F.2d 318, 319–22 (8th Cir.1982) (no right to jury trial in action challenging denial of pension benefits); *Wardle,* 627 F.2d at 829 ("We conclude that Congress' silence on the jury right issue reflects an intention that suits for pension benefits by disappointed applicants are equitable."); *Calamia v. Spivey,* 632 F.2d 1235, 1236–37 (5th Cir.1980) (no right to jury trial in action to recover pension benefits and declare rights under pension plan brought under § 502(a)(1)(B)); *see also Turner v. Leesona Corp.,* 673 F.Supp. 67, 70 (D.R.I.1987) (only exception to equitable nature of claims for pension benefits where trustee concedes eligibility for benefits but refuses for other reason to distribute benefits); *see generally* Note, "Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA," 96 Harv.L.Rev. 751–52, 756 (1983) (action at law under § 502(a)(1)(B) only available if trustee admits plaintiff entitled to benefits; action at law exists under § 502(a)(1)(B) plan enforcement action only if no question of beneficiary's entitlement to benefits and if only remedy sought is recovery of benefits past due); S. Bruce, *Pension Claims: Rights and Obligations* 667 (1988) (weight of judicial authority against right to jury trial for ERISA cause of action).

The instant case, which is a direct action for pension benefits brought under § 502(a)(1)(B), must be distinguished from § 510 enforcement actions for unlawful discharge such as *Cox v. Keystone Carbon Co.,* 861 F.2d 390 (3d Cir.1988), and matters not involving a pension type trust such as *Transamerica Occidental Life Insurance Co. v. Digregorio,* 811 F.2d 1249 (9th Cir.

1987). In *Cox* the Court of Appeals for the Third Circuit considered the right to jury trial in an action brought under § 510 of ERISA. Congress made the civil enforcement scheme of § 502 applicable to enforce the prohibitions of § 510. In considering an action brought under § 510 that sought to enforce § 502(a)(1)(B), *Cox* stated the appropriate test for determining if a right to jury trial exists under a § 510 action implicating § 502(a)(1)(B) was whether the claim was legal or equitable in nature. *Id.* at 394. Section 510 actions differ from the claims for pension benefits brought under § 502(a)(1)(B). Section 510 states:

> It shall be unlawful for any person to discharge ... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter or the Welfare and Pension Plans Disclosure Act.... The provisions of § 1132 of this title shall be applicable in the enforcement of this section.

The claim in the immediate action is not a § 510 action, rather it is a claim for pension benefits brought directly, via preemption, under § 502(a)(1)(B). Therefore, *Turner,* which specifically addresses pension benefit claims under § 502(a)(1)(B), is controlling.

In *Transamerica* the Ninth Circuit considered the right to jury trial in ERISA actions. The court concluded that actions to recover pension benefits are equitable in nature because such suits are based on the law of trusts. *Transamerica,* 811 F.2d at 1251 n. 2. Such cases involve questions of whether a trustee acted arbitrarily or capriciously, a matter traditionally appropriate for a judge. *Id.* (discussing *Turner*). However, in matters not involving pension-type trusts, the *Transamerica* court found that a legal/equitable test should be applied. *Id.* at 1252 n. 2. *See also Cox,* 861 F.2d at 394 (court applied legal/equitable test in case brought under § 510 implicating § 502(a)(1)(B)). The *Transamerica* court continued by finding that the right to jury trial attached under ERISA in the case before it because the plaintiff possessed a

"legal remedy ... for money immediately and unconditionally payable." *Id.* Thus, plaintiff's claim was legal. In the immediate case plaintiff's claim is for pension benefits and the issue remains open as to his entitlement to those benefits. Under *Transamerica* plaintiff's claim is therefore equitable. *Cf. Puz v. Bessemer Cement Co.,* 700 F.Supp. 267 (W.D.Pa.1988) (in action seeking health and life insurance benefits, as distinguished from pension benefits, court found right to jury trial); *Bower v. Bunker Hill Co.,* 114 F.R.D. 587, 597–98 (E.D.Wash.1986) (pension benefits issues deemed equitable; other benefits issues considered legal).

Plaintiff's Count I claim, a state law breach of contract action seeking a remedy of specific performance, is not readily distinguishable from the claims for pension benefits under § 502(a)(1)(B) found to be equitable in nature in *Turner, Wardle, et al. See also Gucciardi v. Gencorp, Inc.,* 1987 WL 30976 (D.Mass.1987) (ERISA claim for pension benefits premised on breach of contract theory equitable in nature because based on law of trusts).

In the final analysis, consideration of Count I will involve review of the determination to exclude Mr. Haeffele from participation in the Flex–5 Plan by those in control. Under ERISA, a beneficiary's assets under a pension plan are held in trust. 29 U.S.C. § 1003(a). As the *Turner* court held, such a suit for pension benefits by an applicant is equitable, because such suits are based on the law of trusts. *Turner,* 770 F.2d at 46; *see also Wardle,* 627 F.2d at 820 (7th Cir.1980) (suit for pension benefits equitable in nature); *Spivey,* 632 F.2d at 1236–37 ("mere fact that plaintiff would recover a monetary award if he prevailed does not compel the conclusion that he is entitled to a jury trial"). At bottom, it is ultimately a suit for pension benefits allegedly denied wrongfully. It is the type of action found equitable by the Courts of Appeals that have considered the right to jury trial under § 502(a)(1)(B).[5]

As to Count II, I conclude a jury trial is inappropriate. As to Count I, the Court concludes a jury trial is inappropriate in accordance with the Magistrate's Report and Recommendation.

## CONCLUSION

An order will be entered granting plaintiff's motion to strike the jury trial demand as to Counts I and II.

---

5. The *Turner* court stated that most cases brought under § 502(a)(1)(B) do not involve disputed factual matters. *Turner,* 770 F.2d at 49. However, this Court chooses not to limit *Turner* to suits for pension benefits without factual disputes. *See Wardle,* 627 F.2d at 829 (decision not restricted to cases without factual disputes); *Pane v. RCA Corp.,* 667 F.Supp. 168, 175 (D.N.J.1987) (*Turner* holding not properly restricted to cases without factual disputes).