**OSCAR A. SAMOS, M.D., INC., as Trustee of the Oscar A. Samos, M.D., Inc., Profit Sharing Plan and as Trustee of the Oscar A. Samos, M.D., Inc. Money Purchase Pension Plan, and Oscar A. Samos, Plaintiffs,**

v.

**DEAN WITTER REYNOLDS, INC., Alias, Defendant.**

Civ. A. No. 91–0209 P.

United States District Court, D. Rhode Island.

Sept. 13, 1991.

Mark B. Morse, Providence, R.I., for plaintiffs.

George Vetter, Brooks Magratten, Vetter & White, Providence, R.I., for defendant.

PETTINE, Senior District Judge.

## MEMORANDUM AND ORDER

The complaint in this case is based on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and common law negligence. Defendant moves to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and moves to strike the plaintiffs' demand for a jury trial. As set forth below, defendant's motion is granted in part and denied in part.

## I. BACKGROUND

The body of the complaint is only two pages long and provides only a skeletal outline of the relevant facts. The plaintiffs are Oscar Samos, M.D., Inc., a trustee and fiduciary for the Oscar A. Samos, M.D., Inc. Profit Sharing Plan and Money Purchase Pension Plan ("the plans") and Oscar A. Samos, a vested participant and beneficiary of the two plans. For the purposes of this motion defendant Dean Witter Reynolds, Inc., the investment manager as is defined in 29 U.S.C. § 1002 for the funds which were deposited in the plans, is admitted to be a fiduciary and that the plans are duly qualified employee benefit plans under ERISA.

According to the complaint, over four occasions—August 24, 1989, January 31, 1990, February 6, 1990 and February 23, 1990—defendant transferred assets from the plans totalling $125,000 to Ducy Samos (Oscar Samos' wife) "without the proper authorization." In Count I, plaintiffs allege that this conduct violated defendant's fiduciary duties under ERISA, 29 U.S.C. § 1109, because defendant "failed to exercise reasonable care to manage the assets" of the plans. The transfer caused the plans to terminate and not to qualify for preferential tax treatment. "As a result, plaintiffs incurred or may incur substantial tax penalties, suffered a loss of income and compensation, and was (sic) otherwise harmed." This same conduct is the basis for a negligence claim in Count II. The plaintiffs also demand a jury trial.

Defendant moves to dismiss under Rule 12(b)(6). It argues that Count I seeks extra-contractual and personal damages for the plaintiff beneficiary/participant to which he is not entitled and that Count I fails to allege the necessary bad faith or willful or arbitrary conduct. It seeks dismissal of Count II on the grounds that the

common law claim is pre-empted by ERISA. Defendant also moves to strike the jury demand.

In ruling on a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 245, 106 S.Ct. 2505, 2508, 91 L.Ed.2d 202 (1986). A court may not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Thus, a court "must deny a motion to dismiss if the allegations of the complaint permit relief to be granted on any theory, even one not expressly stated therein." *O'Neil v. Q.L.C.R.I., Inc.,* 750 F.Supp. 551, 553 (D.R.I.1990).

## II. COUNT I

The purpose of ERISA is "to protect ... the interests of participants in employee benefit plans and their beneficiaries, ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The civil enforcement provisions of ERISA are set out in 29 U.S.C. § 1132(a):

§ 1132. **Civil enforcement**

**(a) Persons empowered to bring a civil action**

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan,

or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title.

Plaintiffs' complaint alleges a breach of fiduciary duty under § 1109,[1] but does not expressly state upon which provision of § 1132(a) it is relying. While a plaintiff is "not required to indicate the precise statute or case on which he will eventually rely," *Turner v. Leesona Corp.,* 673 F.Supp. 67, 68 (D.R.I.1987), it does somewhat complicate the arguments the parties make about the viability of Count I.

### A. *Beneficiary Claim*

Because the complaint relies on § 1109, defendant, not surprisingly, assumes that plaintiffs are proceeding under § 1132(a)(2), which specifically incorporates § 1109. Defendant does not challenge, nor could it challenge, either plaintiff's ability to bring a claim under § 1132(a)(2) to recover the losses suffered by the plans. The express language of § 1132(a)(2) and § 1109 (see *supra* note 1), allows fiduciaries, participants and beneficiaries to bring an action seeking to have a fiduciary personally "make good to such plan any losses to the plan resulting from each ... breach" of fiduciary duty. *See* 29 U.S.C. §§ 1109, 1132(a)(2). Defendant argues, however,

---

**1.** 29 U.S.C. § 1109(a) states:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

that a beneficiary may not recover his personal losses under § 1132(a)(2), i.e., it does not provide for extracontractual compensatory damages.

On that narrow point, defendant is clearly correct. The Supreme Court, by focusing on the language in § 1109 that emphasizes the relationship between the fiduciary and plan, has held that a beneficiary may not recover compensatory or punitive damages under § 1132(a)(2). *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985). The Court held that § 1132(a)(2) permits recovery for the plan only. *Id.* at 142, 144, 105 S.Ct. at 3090, 3091. The Court left open, however, the possibility that extracontractual damages may be available to beneficiaries under some other ERISA provision. *Id.* at 139, n. 5, 105 S.Ct. at 3088, n. 5.

■ In light of such obvious precedent, plaintiffs note that beneficiaries may proceed on their own behalf under §§ 1132(a)(1)(B) and 1132(a)(3). The facts discernable from the complaint, however, do not support an action under § 1132(a)(1)(B), which "contemplates enforcement of pension plan terms only." *Turner*, 673 F.Supp. at 69. Claims proceed under (a)(1)(B) not when the plan has been depleted (as in this case), but when a beneficiary or participant is denied, or has questions regarding, his claim to an intact fund. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Petrilli v. Drechsel*, 910 F.2d 1441 (7th Cir.1990); *Heidgerd v. Olin Corp.*, 906 F.2d 903 (2d Cir.1990).

■ Plaintiffs' claim under § 1132(a)(3) is more complicated to analyze. In the wake of *Russell*, courts have had to decide whether extra-contractual damages are consistent with the term "other appropriate equitable relief" in § 1132(a)(3). The First Circuit has held that compensatory and punitive damages are not available under § 1132(a)(3) for breach of fiduciary duty. *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 824–25 (1st Cir.), *cert. denied*, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988). Although *Drinkwater*

and the other cases which have barred extra-contractual damages can be factually distinguished from the present case because they dealt with punitive damages or damages for emotional distress, see cases cited in *Reid v. Gruntal & Co.*, 763 F.Supp. 672, 675, n. 3 (D.Me.1991), the First Circuit has spoken so broadly and emphatically that I must find that § 1132(a)(3) does not allow for any compensatory damages in this case, even those more closely related to the breach. *See Drinkwater*, 846 F.2d at 824–25. In light of this First Circuit precedent, I cannot follow the Sixth Circuit case cited by plaintiffs which is factually on point and allowed a beneficiary to recover damages flowing directly from the breach, including tax losses. *See Warren v. Society Nat'l Bank*, 905 F.2d 975, 982 (6th Cir.1990).

■ The *Drinkwater* court also stated that "'other appropriate equitable relief' should be interpreted to mean what it says—declaratory or injunctive relief." *Drinkwater*, 846 F.2d at 824. I, therefore, will not allow the beneficiary/participant plaintiff to recover compensatory damages for his personal losses but will not foreclose him from arguing for some form of equitable relief later in the proceedings. *See Reid v. Gruntal & Co.*, 760 F.Supp. 945, 952 (D.Me.1991) (rejecting construction of *Drinkwater* dicta that would *only* allow for injunctive and declaratory relief and holding that constructive trusts may also be available). The beneficiary/participant plaintiff may also, of course, remain in the case to vindicate the losses to the plan under § 1132(a)(2).

### B. *Standard of review*

■ Defendant contends that the complaint does not state a claim for breach of fiduciary duty because it does not allege bad faith or willful or arbitrary conduct. The obvious problem with all but one of the cases cited by defendant is that they predate the major Supreme Court case on the standard of review for ERISA claims, *Firestone*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In that case, the Court decided the appropriate standard of review

for § 1132(a)(1)(B) cases challenging the denial of benefits based on plan interpretation. 109 S.Ct. at 953. The Court rejected the prevalent practice of borrowing the "arbitrary and capricious" standard of review from the Labor Management Relations Act ("LMRA"). *Id.* at 953–54. Instead, the Court noted that "ERISA abounds with the language and terminology of trust law" and that ERISA's "fiduciary responsibility provisions, ... 'codif[y] and make[ ] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trust.'" *Id.* at 954 (quoting H.R.Rep. No. 93–533, p. 11 (1973), U.S.Code Cong. & Admin.News 1974, pp. 4639, 4649). The Court thus stated that "[i]n determining the appropriate standard of review for actions under § 1132(a)(1)(B), we are guided by principles of trust law." *Id.* After reviewing trust principles, the Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 956; *see Burnham v. Guardian Life Ins. Co.*, 873 F.2d 486, 489 (1st Cir.1989).

*Firestone,* I must note, is binding only on claims of benefit denials under § 1132(a)(1)(B), and this action is for breach of fiduciary duty brought under § 1132(a)(2) and, possibly, § 1132(a)(3). I believe, however, that *Firestone* completely undermines the cases relied upon by defendant. Some cases cited by defendant are, like *Firestone,* based on the fiduciary's interpretation of a plan, *see Burke v. Latrobe Steel Co.,* 775 F.2d 88, 91 (3d Cir. 1985); *Challenger v. Local Union No. 1,* 619 F.2d 645, 649 (7th Cir.1980), and some follow the pre-*Firestone* practice of borrowing the standard of review from the LMRA, *see e.g., Fentron Industries Inc. v. Nat'l Shopmen Pension Fund,* 674 F.2d 1300 (9th Cir.1982) (deriving arbitrary and capricious standard from LMRA). The only post-*Firestone* case cited by defendant

merely states that the proper standard is "arbitrary and capricious" and relies on a 1983 case. *See Successor Trust Comm. v. First State Bank,* 735 F.Supp. 708, 715 (W.D.Tex.1990) (citing *Czyz v. General Pension Bd.,* 578 F.Supp. 126 (C.D.Pa. 1983)). The district court in *Successor Trust* did not discuss the possible effect of *Firestone* on the standard of review. Because the sole recent case that defendant relies upon does not indicate that the court was cognizant of *Firestone,* I give it no weight. I am persuaded by the language in *Firestone* that the proper approach is to look to trust principles in determining the appropriate standard of review for a claim of breach of fiduciary duty.

A "trustee is under a duty to the beneficiary in administering the trust to exercise such care and skill as a [person] of ordinary prudence would exercise in dealing with his own property...." Restatement (Second) of Trusts § 174 (1959). The trustee is also "under a duty to the beneficiary to use reasonable care and skill to preserve the trust property." *Id.* at § 176. In fact, these trust principles are clearly expressed in ERISA itself.

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries and ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

29 U.S.C. § 1104(a)(1)(B). Trust law does not require bad faith; rather, a trustee commits a breach of trust when he "intentionally or *negligently* do[es] what he ought not to do or fail[s] to do what he ought to do." Restatement (Second) of Trusts § 201 comment a (1959).

Defendant has not indicated any language in the plans which grants it discretion to transfer funds to third parties.[2] Because *Firestone* and basic trust princi-

---

**2.** Neither party has supplied copies of the plans or relevant quotes from the plans. Construing this open question of fact in the plaintiffs' favor,

*see Anderson,* 477 U.S. at 245, 106 S.Ct. at 2508, I must accept that the plans do not grant the administrator any discretion in this area.

ples apply a deferential standard of review only when a trustee is exercising discretionary powers, *see Firestone*, 109 S.Ct. at 956; Restatement (Second) of Trusts § 187, I will apply a *de novo* standard of review in determining whether or not defendant has acted as a person of ordinary prudence would. Under such a standard, plaintiffs' complaint, which alleges that defendant "failed to exercise reasonable care," clearly survives a Rule 12(b)(6) motion.

## III. COUNT II

■ Count II of plaintiffs' complaint is a basic negligence claim. Defendant argues that § 1144 of the ERISA statute and the cases interpreting it, clearly indicate that ERISA pre-empts state law claims, such as the state common law claim that plaintiffs allege. The Supreme Court has summarized § 1144:

> If a state law 'relate[s] to ... employee benefit plan[s],' it is pre-empted. [§ 1144(a)]. The savings clause excepts from the pre-emption clause laws that 'regulat[e] insurance.' [§ 1144(b)(2)(A)]. A deemer clause makes clear that a state law that 'purports to regulate insurance' cannot deem an employee benefit plan to be an insurance company. [§ 1144(b)(2)(B)].

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). In *Pilot Life*, the Court stated that "the detailed provisions of [§ 1132(a)] set forth a comprehensive civil enforcement scheme" and that this scheme would be undermined if courts allowed state law claims to provide remedies rejected by Congress. *Id.* at 54, 107 S.Ct. at 1556. The Court thus held that ERISA pre-empted state common law tort and contract claims. *Id.* As a state law negligence claim, Count II of plaintiffs' complaint is plainly pre-empted.

■ Plaintiffs, apparently conceding that *state* common law claims are pre-empted, argue that Count II is proper as a *federal* common law claim and rely on cases holding that "courts are to develop a 'federal common law of rights and obligations under ERISA.'" *Firestone*, 109

S.Ct. at 954 (quoting *Pilot Life*, 481 U.S. at 56, 107 S.Ct. at 1557). Plaintiffs also cite to cases that allowed plaintiffs to proceed on federal common law claims relating to ERISA. *See e.g., Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 994 (4th Cir.) (allowing administrator to pursue unjust enrichment claim), *cert. denied*, —— U.S. ——, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990); *Kwatcher v. Mass. Service Employees Pension Fund*, 879 F.2d 957, 966 (1st Cir.1989) (holding that courts may award restitution to employers when equity makes such award appropriate). What distinguishes the plaintiffs in this case from the plaintiffs in the cited cases is that the *Provident Life* and *Kwatcher* plaintiffs had no express remedy under ERISA and plaintiffs in the instant case do. Count II is predicated on the same conduct as that in Count I and, as discussed *supra*, Count I states a viable claim under § 1132(a).

The Supreme Court called upon the lower courts to develop *"interstitial* lawmaking." *See Kwatcher*, 879 F.2d at 966 (emphasis added). "Despite the power of the federal courts to fill in the interstices of ERISA, we must respect the fact that Congress in creating ERISA has 'established an extensive regulatory network and has expressly announced its intention to occupy the field.'" *Provident Life*, 906 F.2d at 992 (citations omitted); *see Russell*, 473 U.S. at 146, 105 S.Ct. at 3092 ("The six carefully integrated civil enforcement provisions found in [§ 1132(a)] ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." (emphasis in original)). Federal courts "do not possess *carte blanche* authority to 'use state common law to rewrite a federal statute.'" *Provident Life*, 906 F.2d at 992 (citations omitted). Because plaintiffs' claims fall squarely within § 1132(a), I cannot use federal common law to trample Congress' scheme and provide remedies that Congress chose not to provide. A federal common law negligence claim brought by a beneficiary would not fill a gap in ERISA; it would alter the nature of the existing remedies that Congress has

provided for beneficiaries. Count II is, therefore, dismissed.

## IV. JURY DEMAND

 Finally, defendant objects to plaintiffs' demand for a jury. "The First Circuit has concluded that '[a]ctions for breach of fiduciary duty, historically speaking, are almost uniformly actions "in equity"—carrying with them no right to trial by jury.' " *Turner*, 673 F.Supp. at 71 (quoting *In re Evangelist*, 760 F.2d 27, 29 (1st Cir.1985)). In *Turner*, this Court held that an ERISA claim for breach of fiduciary duty is equitable in nature and provides no right to a jury trial. *Id.* Because I have already held, *supra*, that plaintiffs are entitled to only equitable relief, the *Turner* precedent has particular force. This Court, therefore, grants defendant's motion to strike plaintiffs' jury demand.

## V. CONCLUSION

This Court denies in part and grants in part defendant's motion to dismiss the complaint. This Court will not dismiss Count I, but rules that the beneficiary/participant plaintiff may not recover personal compensatory or punitive damages. Count II, however, is dismissed. Finally, this Court grants defendant's motion to strike plaintiffs' jury demand.

So Ordered.