Carol A. STROUT, Plaintiff,

v.

GTE PRODUCTS CORPORATION, et al., Defendants.

Civ. No. 85–0196 P.

United States District Court, D. Maine.

Oct. 2, 1985.

---

Jeffrey T. Shedd, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

Paul F. Driscoll, Verrill & Dana, Charles S. Einsiedler, Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for defendants.

## ORDER

GENE CARTER, District Judge.

This case concerns the right of the Plaintiff, Carol A. Strout, to recover benefits allegedly due her under the terms of the GTE Sylvania Pension Plan for Hourly Employees and the GTE Sylvania Welfare Plan for Hourly Employees. Plaintiff brings this action under section 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) of the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff filed a demand for jury trial in this Court on June 28, 1985, and Defendant Traveler's Insurance Co. ("Traveler's") filed a motion to strike Plaintiff's jury trial demand on July 19, 1985. Defendant GTE Products Corporation joined in Traveler's motion on July 31, 1985.

Plaintiff is not entitled to a jury trial in an action to recover benefits under ERISA for the following reasons.

Merely alleging that this action is one for breach of contract does not alone give rise to a jury trial right. As other courts have held, a suit for pension benefits under ERISA essentially is based on the law of trusts and the conduct of the trustee, rather than on the law of contracts. Thus, a legal rather than an equitable remedy only would arise if one is seeking to enforce a duty to pay benefits due immediately and unconditionally, such as in a standard breach of contract action. *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d 820, 829 (7th Cir. 1980), *citing Restatement (Second) of Trusts* §§ 197–198 (1959). Other actions such as the case at hand, akin to a claim by a beneficiary against a trustee, should be treated as equitable in nature. As the *Wardle* court concluded, Congress, in enacting ERISA, "intended to provide general federal jurisdiction over these equitable suits that had traditionally been brought in state courts." *Id.* at 829. *See also In re Vorpahl*, 695 F.2d 318, 321 (8th Cir.1982); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980). A contrary position can be found in *Pollock v. Castrovinci*, 476 F.Supp. 606, 608–09 (S.D.N.Y.1979), *aff'd without opinion*, 622 F.2d 575 (2d Cir. 1980).

A further reason for treating section 502(a)(1)(B) ERISA actions as equitable in nature is that courts have applied the "arbitrary and capricious" standard of review for such actions, the standard applied to previous pension benefits cases. As the court in *Vorpahl* noted,

such a limited scope of review "bespeaks a legislative scheme granting initial discretionary decisionmaking to bodies other than the federal courts, with which federal jury trials have proved incompatible" *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d at 830. The court viewed this incompatibility as further evidence of the lack of any implied congressional intent to grant a right to a jury trial. We concur in this determination.

*In re Volpahl*, 695 F.2d at 321.

Finally, Plaintiff suggests that the reasoning of the court in *Paladino v. Taxicab Industry Fund*, 588 F.Supp. 37 (S.D.N.Y. 1984), should be adopted over that of the Fifth, Seventh and Eighth Circuits noted above. In particular, the *Paladino* and *Pollock* courts have noted the wording of the legislative history of ERISA as indicating a right to a jury trial in such cases. The Joint Explanatory Statement of the Committee of Conference states in part:

All such actions in Federal or state courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947.

H.R.Conf.Rep. No. 93–1280, 93rd Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. &

Admin.News, pp. 4639, 5038, 5107. The *Paladino* court construes this language as indicating that ERISA claimants have the same jury trial right as claimants under section 301 of the Labor-Management Relations Act.

This reasoning is flawed in that the statement in the legislative history "merely indicates Congress' intent that federal courts should create federal common law in civil actions under § 502(a)(1)(B) of ERISA [citations omitted] ... not that the identical rules of federal common law are necessarily to apply in both statutory claims." *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d at 829.

The equitable nature of a section 502(a)(1)(B) suit for pension benefits, the Courts' interpretation of ERISA claims as similar to beneficiary claims against a trustee, and the Courts' view of the relevant ERISA legislative history all indicate that claimants, as a matter of law, have no right to a jury trial in such actions.

Accordingly, the motion of Defendants Traveler's Insurance Company and GTE Products Corporation to strike Plaintiff's demand for jury trial is hereby GRANTED. The Plaintiff's demand for jury trial is hereby STRICKEN.

So ORDERED.