Gordon C. WILSON, individually and
as Personal Representative of the
Estate of Nancy L. Wilson, Plaintiff,

v.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY and
L.L. Bean, Inc., Defendants.

Civ. No. 87–0131–P.

United States District Court,
D. Maine.

Sept. 15, 1987.

Anthony K. Ferguson, Fales & Fales,
Lewiston, Me., for plaintiff.

Jotham D. Pierce, Jr., John J. Aromando,
Pierce Atwood Scribner, James M. Bowie,
Hunt Thompson & Bowie, Portland, Me.,
for defendants.

## ORDER ON PENDING MOTIONS

GENE CARTER, District Judge.

In this action Plaintiff filed in state court
a complaint alleging various state law
claims. These regarded Defendants' fail-
ure to pay a sum allegedly payable to
Plaintiff under a supplemental life insur-
ance policy purchased by Plaintiff's wife as
part of a benefit program offered by her
employer, Defendant L.L. Bean, Inc. De-
fendant Connecticut General removed the
case to this court on the grounds that the
claims were not only preempted by the
Employee Retirement Income Security Act
(ERISA), 29 U.S.C. § 1001, *et seq.*, but that
they were also displaced by ERISA's civil
enforcement provision, 29 U.S.C.
§ 1132(a)(1)(B). *Pilot Life Insurance Co.
v. Dedeaux,* — U.S. —, 107 S.Ct. 1549,
95 L.Ed.2d 39 (1987); *Metropolitan Life
Insurance Co. v. Taylor,* — U.S. —, 107
S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Shortly after their initial scheduling con-
ference in this court, Plaintiff demanded a
jury trial, which demand Defendants have
moved to strike.[1] By motion of August 13,
1987 Defendant Connecticut General
moved to dismiss the action on the grounds
that the complaint contains only state law
causes of action, preempted by ERISA, and
fails to state a cognizable cause of action.

1. By letter of September 2, 1987, Defendant L.L.
Bean has joined in Connecticut General's Objec-
tion to the Motion to Amend and Motion to
Strike the Plaintiff's Request for a Jury Trial.

Acknowledging the Supreme Court's above-cited recent teachings on the subject, Plaintiff has moved to amend his complaint to include a claim under the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a). Defendant Connecticut General has objected to the Motion to Amend, asserting that even as amended, the complaint fails to state a claim under ERISA. Defendant moves in the alternative for a more definite statement of the claim.

■ Defendant's petition for removal cites *Metropolitan Life Insurance Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, for the proposition that claims like Plaintiff's "are completely displaced by the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a)(1)(B), thus rendering causes of actions like the Plaintiff's, regardlessof how pleaded, exclusively federal questions." Section 1132(a)(1)(B) provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan." As Defendant states in its petition for removal, the complaint alleges that Plaintiff's deceased wife was an employee of L.L. Bean, which provided as part of its employee benefit plan a group life insurance policy. The Court agrees with Defendant that the complaint, at the least, asserts a claim by Plaintiff, his wife's beneficiary under the policy, "for benefits allegedly wrongfully denied under the Plan." Petition for Removal at 3. Given Defendant's description of the complaint, the Court finds it difficult to understand why Defendant asserts that Plaintiff has not filed a cognizable federal claim under 29 U.S.C. § 1132.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be freely given when justice so requires." The Court will, therefore, grant Plaintiff's Motion to Amend to allege ERISA as the basis for this action. With the amendment, or possibly even without it, *see* Fed.R.Civ.P. 8(a)(1) and *Metropolitan Life Insurance Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1547, the complaint meets the rather minimal pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, and is not subject to dismissal for failure to state a claim.

Turning to the motion to strike Plaintiff's demand for a jury trial, the Court notes that most courts, including itself, have not permitted jury trials for claims brought under section 1132(a)(1)(B) of ERISA. *See, e.g., Strout v. GTE Products Corp.*, 618 F.Supp. 444 (D.Me.1985); *Turner v. CF & I Steel Corp.*, 770 F.2d 43, 47 (3d Cir.1985); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir.1980); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). As this Court stated in *Strout,*

> a suit for pension benefits under ERISA essentially is based on the law of trusts and the conduct of the trustee, rather than the law of contracts. Thus, a legal rather than an equitable remedy only would arise if one is seeking to enforce a duty to pay benefits due immediately and unconditionally, such as in a standard breach of contract action.

*Strout v. GTE Products Corp.*, 618 F.Supp. at 445.

■ Most of the above cases subscribing to this view, however, are factually distinct from the case at bar because they deal with attempts to collect pension benefits. In the instant case the claim seeks to collect money allegedly owed under a life insurance policy provided under the benefit plan. The question arises, then, whether such a claim is for "benefits due immediately and unconditionally" and should therefore be considered legal rather than equitable for purposes of determining the propriety of a jury trial. In recent dictum, the Court of Appeals for the Ninth Circuit indicated its belief that claims for benefits denied under a life insurance policy provided by the benefit plan seek a legal remedy because they sound in contract, not in trust. *Transamerica Occidental Life Insurance Co. v. Digregorio*, 811 F.2d 1249, 1251–52 n. 2 (9th Cir.1987). This Court is satisfied, however, that Plaintiff's claim should not be

considered one to enforce benefits due immediately and unconditionally, because eligibility for the life insurance benefit is the salient issue in this case. Traditionally,

> [c]hancery was responsible for the supervision of trusts, and as long as there was a question concerning the administration of the trust—including the interpretation of its terms—the [legal] writs of debt and assumpsit were unavailable. In such cases, beneficiaries could be heard only in equity. Plaintiffs in plan-enforcement actions thus bring an action analogous to one at law only if the defendant trustee admits that plaintiff is entitled to benefits.

Note, 96 Harv.L.Rev. 737, 752 (1983); *see also Sichko v. Lewis,* 191 F.Supp. 68, 68–69 (W.D.Pa.1960).

Defendants here deny that Plaintiff is entitled to benefits, so no legal remedy is available. Moreover, trial will center on whether the trustee properly exercised discretion in denying Plaintiff's eligibility for the life insurance benefit, and such inquiry does not lend itself to the traditional jury trial. *See Strout,* 618 F.Supp. at 445; *Turner v. CF & I Steel Corp.,* 770 F.2d at 47.

Accordingly, it is ORDERED that Defendants' Motion to Strike Plaintiff's Request for a Jury Trial be, and it is hereby, GRANTED.

It is FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint be, and it is hereby, GRANTED.

Finally, Defendants' Motion to Dismiss and Motion in the Alternative for a More Definite Statement are hereby DENIED.