**Richard F. BERLO**

v.

**James F. McCOY, Administrator.**

No. C–87–76–L.

United States District Court,
D. New Hampshire.

Feb. 6, 1989.

Craig & Wenners, P.A. by Gary L. Casinghino, Manchester, N.H., for plaintiff.

Sheehan, Phinney, Bass & Green, P.A. by Alan P. Cleveland, Manchester, N.H., Murphy, Hesse, Toomey & Lehane by Lisa A. Sinclair, Michael C. Lehane, Katherine A. Hesse, Quincy, Mass., for defendant.

### ORDER ON MOTION TO STRIKE JURY DEMAND

LOUGHLIN, District Judge.

This is an action commenced pursuant to the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132. The court's jurisdiction is premised upon 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. The defendant has filed a motion to strike the plaintiff's demand for a jury trial.

The facts as alleged in the complaint reveal the following. The plaintiff, Richard Berlo, was a participant in the Deferred Income Fund of Local 103, International Brotherhood of Electrical Workers, Inc. (Fund). The Fund is an employee pension benefit plan maintained by employers. The defendant is the administrator of the Fund, who along with the other trustees, was responsible for the duty of managing and administering the plan. The plaintiff alleges that the defendant violated or breached a fiduciary duty owed plaintiff and other participants of the Fund. This breach was allegedly effectuated by the defendants in establishing a plan which failed to require "that plan members who withdrew from the plan," would receive all earnings, profits and interests generated by the plan through the use of funds derived from those members. As a result of this failure, the plaintiff alleges a breach of the defendant's fiduciary duty which caused the plaintiff to incur monetary damages.

The defendant now moves that this court strike the plaintiff's demand for a jury trial, since there exists no entitlement to a jury trial in ERISA actions.

The issue of the right to a trial by jury in actions commenced pursuant to ERISA, has been addressed by a number of courts, including this court. Although there exists some disagreement, the majority of courts which have examined the issue have held that generally no right to a jury trial exists in ERISA actions. *See Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984); *In re Vorpahl*, 695 F.2d 318 (8th Cir.1982); *Wardle v. Central States*, 627 F.2d 820 (7th Cir.1980); *Turner v. Leesona*, 673 F.Supp. 67 (D.R.I.1987); *Wilson v. Connecticut General Life*, 670 F.Supp. 52 (D.Me.1987); *Strout v. GTE Products Corp.*, 618 F.Supp. 444 (D.Me.1985); *Donovan v. Wheeler*, No. 82–640, slip op. (D.N.H. February 23, 1983); *But see Stamps v. Michigan Teamsters*, 431 F.Supp. 745 (E.D.Mich. 1977).

Perhaps the leading case in this area is *Wardle v. Central States, supra.* In distinguishing the *Stamps, supra,* case, the *Wardle* court reasoned that "Congress' silence on the jury right issue reflects an intention that suits for pension benefits by disappointed applicants are equitable" in nature and therefore fall under the law of trusts. *Wardle*, 627 F.2d at 829. This reasoning is seemingly buttressed by the case of *Central States Pension Fund v. Central Transport*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), wherein the court relied upon the common-law of trust in determining the responsibilities of a pension plan trustee. *Id.* at 580–83, 105 S.Ct. at 2845–47.

Additionally, it has been argued that despite the absence of statutory intent, the Seventh Amendment guarantee to trial by jury, affords the plaintiff the right to a jury trial in ERISA actions. However, most courts agree that since the determination of whether an individual is entitled to benefits is equitable in nature, no constitutional right to a trial by jury exists. *In re Vorpahl*, 695 F.2d 318, 322 (8th Cir.1982); *Donovan*, No. 82–640 slip op. at 3 (D.N.H. February 23, 1983).

Although the United States Court of Appeals for the First Circuit has yet to address this issue, at least three district courts within the circuit have examined this area. *See Turner, supra, Wilson, supra, Donovan, supra.* All of these courts are in agreement in holding that as a general proposition a plaintiff is not entitled to a jury trial in actions commenced under ERISA. However, these courts equally agree that pursuant to the common-law of trusts, if the plaintiff is able to show entitlement to "benefits due immediately and unconditionally," the plaintiff shall be entitled to a jury trial as to those benefits. *Wilson, supra* at 53, *Donovan, supra* at 3 (citing *Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)); *Turner supra*, at 70. Therefore, the court's inquiry as to the plaintiff's entitlement to a jury trial requires a review of the complaint. The plaintiff's complaint generally alleges a breach by the trustee of the Deferred Income Fund of Local 103, International Brotherhood of Electrical Workers, Inc., of his fiduciary duty owed to the plaintiff as participant in the Plan. In Paragraph 18 of the complaint, the plaintiff alleges: As a result of those breaches of fiduciary care, participants in the Plan who have made substantial contributions of funds to the Plan over periods of several years, including the plaintiff, were deprived of substantial earnings generated by the Plan through the use of their funds, when participation in the Plan was terminated prior to the end of the annual accounting period.

These allegations clearly pertain to the fiduciary duties imposed upon the trustee(s) as a result of their positions as administrators of the Fund. They are equitable in nature or at the very least require a finding of violations or breaches of the equitable duties in order to allow recovery of damages. *Wilson*, 670 F.Supp. at 54. Therefore, since the counts alleged in the complaint are equitable in nature, the court holds that the plaintiff is not entitled to a jury trial and the defendant's motion to strike jury demand (Doc. # 26) is hereby granted.