Cote v. Metropolitan                    CV-96-298-JM  11/18/97
                 **UNITED STATES DISTRICT COURT FOR THE**
                        **DISTRICT OF NEW HAMPSHIRE**


Robert H. Cote

        v.                                   Civil No. 96-298-JM

Metropolitan Life Insurance Co.
and General Electric Corp.

                            **O R D E R**

        Plaintiff has brought an action claiming benefits under the

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §

1132(a)(1)(B).  The case has been scheduled for jury trial

beginning December 2, 1997.  However, no right to a trial by jury

exists with respect to a claim for benefits based upon ERISA.

Consequently, I order that the action be redesignated as a bench

trial.  It shall otherwise proceed as scheduled.

        ERISA does not explicitly authorize jury trials with respect

to claims arising under the statute.  See Turner v. Fallon

Community Health Plan Inc., 953 F. Supp. 419, 422 (D.Mass. 1997).

Most courts have concluded from this omission that a jury trial

is not available for ERISA claims because Congress' failure to

provide such a right demonstrates an intent not to alter the

common law of trusts under which no jury trial is available.

Wardle v. Central States, S.E. and S.W. Areas Pension Fund, 627

F.2d 820, 830 (7th Cir.1980), cert. denied, 449 U.S. 1112 (1981);

Turner, 953 F. Supp. at 422.  The Supreme Court has held that

decisions under ERISA are to be guided by principles of trust law, stating that "ERISA's legislative history confirms that the Act's fiduciary responsibility provisions . . . 'codif[y] and mak[e] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trusts.'" <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 110 (1989) (determining the appropriate standard of review in ERISA actions and quoting H.R.Rep. No. 93-533, p. 11 (1973)).

While the First Circuit has yet to address the issue, most other Circuit Courts have adopted this rationale. <u>See</u> <u>Borst v. Chevron Corp.</u>, 36 F.3d 1308 (5th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1066 (1995); <u>Houghton v. SIPCO, Inc.</u>, 38 F.3d 953 (8th Cir. 1994); <u>Blake v. Unionmutual Stock Life Ins. Co. of America</u>, 906 F.2d 1525 (11th Cir. 1990); <u>Turner v. CF & I Steel Corp.</u>, 770 F.2d 43, 47 (3d Cir. 1985), <u>cert. denied</u>, 474 U.S. 1058 (1986); <u>Wardle v. Central States, S.E. and S.W. Areas Pension Fund</u>, 627 F.2d 820 (7th Cir.1980), <u>cert. denied</u>, 449 U.S. 1112 (1981). In addition, the district courts of the First Circuit have consistently held that no right to jury trial exists for ERISA claims. <u>See</u> <u>Turner v. Fallon Community Health Plan Inc.</u>, 953 F. Supp. 419, 422-23 (D.Mass. 1997); <u>Berlo v. McCoy</u>, 710 F. Supp. 873, 874 (D.N.H. 1989); <u>Turner v. Leesona Corp.</u>, 673 F. Supp. 67, 70-71 (D.R.I. 1987); <u>Wilson v. Connecticut Gen. Life Ins. Co.</u>,

2

670 F. Supp. 52, 53-54 (D.Me. 1987).


Consequently, I order that the action be redesignated as a bench trial.  It shall otherwise proceed as scheduled.

**SO ORDERED.**


_____
James R. Muirhead
United States Magistrate Judge

Date:   November 18, 1997

cc:     James W. Winston, Esq.
        Theodore Wadleigh, Esq.