Thomas **GAMMELL**, Plaintiff,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA and Hewlett–Packard Company, Defendants.**

Civil Action No. 06–40226–FDS.

United States District Court,
D. Massachusetts.

May 17, 2007.

Jennifer A. O'Brien, Ronald M. Davids, Davids & Asssociates, P.C., Wellesley, MA, for Plaintiff.

Edward P. O'Leary, Fitzhugh, Parker & Alvaro LLP, David C. Casey, Littler Mendelson P.C., Boston, MA, Danielle K. Herring, Linda Ottinger Headley, Littler Mendelson, P.C., Houston, TX, for Defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE JURY CLAIM

SAYLOR, District Judge.

This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff Thomas Gammell contends (1) that defendant Prudential Insurance Company of America wrongfully discontinued his long-term disability benefits in violation of ERISA; and (2) that defendants Prudential and Hewlett–Packard Company breached their fiduciary duties to plaintiff.

Defendants have moved to dismiss the breach of fiduciary duty claims (Counts 2 and 3) for failure to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). Defendants contend that these claims are barred because more specific relief is available to plaintiff under 29 U.S.C. § 1132(a)(1). Additionally, Prudential has moved to strike plaintiff's jury claim on the ground that his claims are equitable, rather than legal in nature. For the reasons stated below, both motions will be granted.

## I. Background

The following facts are as alleged in the complaint.

### A. Gammell's Employment

Plaintiff Thomas Gammell is a resident of Fitchburg, Massachusetts. He began working for Digital Equipment Corporation in 1968. Defendant Hewlett–Packard Company is a successor-in-interest to Digital.

As an employee benefit, Digital established a long-term disability plan in which qualified employees were allowed to participate. The group long-term disability policy was issued to Digital by defendant Prudential Insurance Company of America. Plaintiff was a participant in the plan, which was maintained and administered by Digital during his employment.

### B. Initiation of Disability Benefits

After suffering a head injury in a bicycle accident on June 30, 1987, Gammell was diagnosed with post-concussion syndrome of organic origin and a seizure disorder. He states that from the date of the accident to the present, he has suffered from daily headaches, dizziness, fatigue, reduced concentration, and diminished problem-solving and decision-making abilities. Although he attempted to return to work after the accident, Gammell contends that his medical condition prevented him from performing his job duties. His last day at Digital was May 24, 1989.

Following the accident, Gammell applied for and was granted short-term disability benefits. He later filed an application for long-term benefits through Digital pursuant to its longterm disability plan. His

application was approved on November 23, 1989, and he began receiving long-term benefits. According to the complaint, he was found eligible for "Total Disability" benefits.

### C. *Review of Gammell's Disability Status*

After Gammell began receiving long-term benefits, Prudential reviewed his disability approximately every two years to determine whether his condition had improved. In August 2001, Prudential referred Gammell's claim to Dr. Daniel Lo-Preto, Ph.D., for review. Dr. LoPreto is a clinical psychologist who never met Gammell. Prudential apparently instructed Dr. LoPreto that Gammell "is very active. It is unclear why he cannot work. Your comments would be appreciated." (Compl. ¶ 39). Upon reviewing plaintiff's file, Dr. LoPreto reported that "the documentation in the file does not document evidence of a mental or neurological impairment of such severity in the present that would preclude gainful employment in some capacity." (Compl. ¶ 42). Prudential contacted Gammell's treating physician, Dr. Pia Marie Ballerin Feldman, M.D., to inquire whether she agreed with LoPreto's conclusion. She responded that she did not.

In October 2001, Gammell lost consciousness and fell. He reported this incident to his treating physician, and the information was provided in turn to Prudential. Around that same time, Gammell's treating psychiatrist, Dr. Ungerer, reported in his office notes—which were provided to Prudential—that plaintiff continued to suffer from post-concussion syndrome.

On October 4, Prudential sought a vocational assessment of plaintiff from Louis Szollosy. Szollosy never met Gammell. In performing his assessment, Szollosy re-

lied on a "Physical Capacities" form completed by Dr. Ballerin Feldman dated April 16, 2001, and Dr. LoPreto's report dated October 1, 2001. Szollosy concluded that Gammell was qualified to work as a shipping order clerk, routing clerk, or dispatcher.

In February and May 2002, Prudential referred Gammell for neuropsychological testing at UMass Memorial Hospital in Worcester, Massachusetts. These tests were administered by Dr. Michael Lavoie, Ph.D. Dr. LoPreto thereafter reviewed Dr. Lavoie's findings and completed a "Mental Residual Function Capacity" assessment form ("MRFC"). All prior MRFCs relied on by Prudential had been completed by plaintiff's treating physician, Dr. Ballerin Feldman. Dr. LoPreto indicated in the MRFC that Gammell was either not significantly limited or not limited at all in most categories.

### D. *Termination of Disability Benefits*

Prudential forwarded Dr. Lavoie's findings to Dr. Ballerin Feldman and inquired whether she agreed with them. According to the complaint, Dr. Ballerin Feldman agreed with some of Dr. Lavoie's conclusions, but not all. Dr. Ballerin Feldman, however, signed a document prepared by Prudential which indicated that she agreed that Gammell was capable of gainful employment. Prudential then terminated Gammell's long-term disability benefits, effective November 2002.

Gammell filed a timely appeal of Prudential's decision to terminate his long-term disability benefits. In support of his appeal, he provided Prudential with a signed statement from Dr. Ballerin Feldman explaining that she had signed the document regarding plaintiff's ability to work in error (as she only agreed with part of Dr. Lavoie's findings) and that it

was her opinion that Gammell was not capable of gainful employment. Gammell also submitted additional test results, as well as a signed statement from his treating psychiatrist, Dr. Ungerer, confirming that he was unable to work. Nonetheless, Prudential denied the appeal.

In September 2004, Gammell filed a second appeal, challenging Prudential's denial of his initial appeal. As of the filing of the complaint in the present action, Prudential had not made a decision on the second appeal. Gammell indicates, however, that based on discussions with Prudential's appeals unit, it does not appear that Prudential will reverse its decision to terminate his benefits, and that continued attempts to pursue an administrative remedy would be futile.

## II. *Procedural History*

Gammell filed the present action on October 23, 2006. His three-count complaint alleges (1) that Prudential wrongfully terminated his long-term disability benefits; (2) that Prudential violated its fiduciary duty to him; and (3) that Hewlett–Packard, as successor-in-interest to Digital, also violated its fiduciary duty.

On February 26, 2007, Prudential moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the breach of fiduciary duty claim for failure to state a claim upon which relief can be granted. That same day, Prudential also moved to strike plaintiff's jury claim. On March 20, Hewlett–Packard moved to join Prudential's motion to dismiss.

## III. *Analysis*

### A. *Standard of Review*

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S.

41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000).

### B. *Motion to Dismiss Breach of Fiduciary Duty Claims*

In adopting ERISA, Congress sought to protect participants in employee benefit plans and their beneficiaries "by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The United States Supreme Court has held that the civil enforcement provisions of ERISA § 502(a) (codified at 29 U.S.C. § 1132(a)) constitute the "exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52–56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

Two civil enforcement provisions of ERISA are relevant to this action. The first permits a beneficiary "to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B). Plaintiff has brought such a claim in Count 1 of his complaint, where he alleges that Prudential wrongfully terminated his long-

term disability benefits. The second provision allows an action

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). In the present action, Counts 2 and 3 assert § 1132(a)(3) claims against defendants Prudential and Hewlett–Packard, respectively, for breaches of their fiduciary duties to plaintiff. The question presently before the Court is whether the availability of relief under § 1132(a)(1) bars plaintiff's claims under § 1132(a)(3) as a matter of law. The Court concludes that the defendants' position is correct.

In *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) the Supreme Court concluded that an individual may sue for breach of fiduciary duty under § 1 132(a)(3), ruling that § 1132(a)(3)'s " 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." However, as the First Circuit has stated, *"Varity* circumscribes the applicability of [§ 1132(a)(3) ]; '[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief....' " *LaRocca v. Borden, Inc.,* 276 F.3d 22, 28 (1st Cir.2002) (quoting *Varity,* 516 U.S. at 515, 116 S.Ct. 1065). Following *Varity,* "federal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1) ], there is an adequate remedy under the plan which bars a further remedy under [§ 1 132(a)(3) ]." *LaRocca,* 276 F.3d at 28; *see also Turner v. Fallon Cmty. Health Plan, Inc.,* 127 F.3d 196, 200 (1st Cir.1997).

Here, plaintiff can pursue a claim for benefits under § 1132(a)(1). Indeed, he asserts such a claim in Count 1 of the complaint. Accordingly, Gammell's § 1132(a)(3) claims for breach of fiduciary duty fail as a matter of law.

Plaintiff responds, however, that it would be inappropriate to dismiss his breach of fiduciary duty claims because "it is premature to determine whether Count [1] of the Complaint will afford adequate relief to Mr. Gammell at this early juncture." In essence, plaintiff contends that his § 1132(a)(3) claims are precluded only if he first prevails on his § 1 132(a)(1) claim. This reasoning, however, is inconsistent with the language of *LaRocca,* where the Court stated that a § 1132(a)(3) claim is barred "if a plaintiff *can pursue* benefits under the plan pursuant to [§ 1132(a)(1) ]." 276 F.3d at 28 (emphasis added). This language suggests that the mere prospect of relief under § 1132(a)(1) renders relief under § 1132(a)(3) unavailable. In fact, this was precisely the holding in *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1088–89 (11th Cir.1999), an Eleventh Circuit case cited by the Court in *LaRocca.* In *Katz,* the Eleventh Circuit held that the District Court had properly dismissed the plaintiff's § 1132(a)(3) claims in light of the availability of § 1132(a)(1) relief, even though the § 1132(a)(1) claim was later disposed of on summary judgment. *Katz,* 197 F.3d at 1088–89. In so holding, the Court stated that "the availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor." *Id.*

The Court concludes that the availability of relief under § 1132(a)(1) bars plaintiff's claims under § 1132(a)(3), regardless of whether plaintiff ultimately prevails on Count 1 of the complaint. Accordingly, Counts 2 and 3 fail to state a claim upon

which relief can be granted, and defendants' motion to dismiss those counts will be granted.[1]

### C. *Motion to Strike Jury Claim*

 Prudential has also moved to strike plaintiff's demand for a jury trial on the ground that a claim for benefits under ERISA is equitable in nature. Plaintiff disputes this position, contending that his § 1132(a)(1) claim should instead be characterized as a claim for legal relief. The Court agrees with defendants that there is no right to a jury trial in this action.

ERISA does not expressly provide for the right to a jury trial in any of the causes of action enumerated under 29 U.S.C. § 1132. Although the First Circuit has not yet addressed the issue, the overwhelming weight of authority holds that no such right exists, because claims for pension benefits were formerly brought under the law of trusts and are thus equitable in nature. *See, e.g., Wardle v. Central States, Se. & Sw. Areas Pension Fund,* 627 F.2d 820, 829 (7th Cir.1980) ("We conclude that Congress' silence on the jury right issue reflects an intention that suits for pension benefits by disappointed applicants are equitable. Such suits under the law of trusts have existed for quite a while.... These suits have been considered equitable in nature."). Within this Circuit, a majority of District Courts have held that no jury trial right exists for benefits claims under ERISA. *See, e.g., Turner v. Fallon Cmty. Health Plan, Inc.,* 953 F.Supp. 419, 422–23 (D.Mass.1997); *Vartanian v. Monsanto Co.,* 880 F.Supp. 63, 72 (D.Mass.1995); *Strout v. GTE Prods. Corp.,* 618 F.Supp. 444, 445 (D.Me.

1985); *Lopez v. Astrazeneca Pharms. LP,* No. Civ. 05–1285, 2006 WL 508095, at *5 (D.P.R. March 1, 2006). *But see Padilla De Higginbotham v. Worth Publishers, Inc.,* 820 F.Supp. 48, 50 (D.P.R.1993). Additionally, every Circuit Court to have considered the issue has concluded that ERISA does not confer a jury trial right. *See, e.g., Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir.1994); *Houghton v. SIPCO, Inc.,* 38 F.3d 953, 957 (8th Cir. 1994); *Blake v. Unionmutual Stock Life Ins. Co. of Am.,* 906 F.2d 1525, 1526 (11th Cir.1990); *Turner v. CF & I Steel Corp.,* 770 F.2d 43, 47 (3d Cir.1985).

This Court similarly concludes that no jury right is available in this case. Accordingly, defendant's motion to strike plaintiff's jury claim will be granted.

### IV. *Conclusion*

For the foregoing reasons, the motion of defendant Hewlett–Packard Company for Joinder in the Motion to Dismiss is GRANTED; defendants' motion to dismiss the breach of fiduciary duty claims (Counts 2 and 3) is GRANTED; and the motion of defendant Prudential Insurance Company of America to strike plaintiff's jury claim is GRANTED.

**So Ordered.**

---

1. Defendants also contend that the breach of fiduciary duty claims are subject to dismissal because § 1132(a)(3) only allows claims for equitable relief, whereas plaintiff seeks monetary damages. Plaintiff responds that his prayer for relief—which seeks not only monetary damages, but also "such other relief as this court deems just and proper"—is sufficiently broad to encompass a claim for equitable relief. The Court does not reach this issue in light of its holding that the availability of relief under § 1132(a)(1) bars plaintiff's claims under § 1132(a)(3).