Mary E. SHAFFER, Plaintiff

v.

**FOSTER–MILLER, INC.,**
**et al., Defendants.**

**C.A. No. 08–30138–MAP.**

United States District Court,
D. Massachusetts.

Sept. 3, 2009.

Terrence A. Low, Law Office of Terrence, Springfield, MA, for Plaintiff.

Courtney D. Cruz, Joseph M. Hamilton, Mirick, O'Connell, DeMallie & Lougee LLP, Worcester, MA, Andrew B. Prescott, Nixon Peabody LLP, Providence, RI, for Defendants.

### MEMORANDUM AND ORDER REGARDING REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

(Dkt. Nos. 11, 15 & 26)

PONSOR, District Judge.

Plaintiff seeks disability benefits pursuant to an employee welfare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Defendants are Plaintiff's former employer, Foster–Miller, Inc., and the insurance company that issued the employer's group disability policy, Unum Life Insurance Company of America.

Both Defendants moved for summary judgment, and the motions were referred to Magistrate Judge Kenneth P. Neiman for report and recommendation.

On July 7, 2009, Judge Neiman issued his Report and Recommendation, to the effect that Defendants' motions should be allowed with regard to both Plaintiff's

claims for violation of ERISA and for breach of fiduciary duty.

The Report and Recommendation concludes, first, that the claim for breach of fiduciary duty fails as a matter of law based upon the availability of relief pursuant to the federal ERISA statute. Plaintiff offered no argument in opposition to this contention before Judge Neiman, and she has not objected to his recommendation that summary judgment enter on this aspect of her claim.

Judge Neiman also recommended that summary judgment enter with regard to Plaintiff's ERISA claim, on the ground that Plaintiff failed to exhaust administrative remedies. On this point, the Report and Recommendation is clearly correct. The various arguments offered to attempt to avoid summary judgment on this point are well addressed in the Report and Recommendation. The claim that Defendant Unum's initial omission of a few documents in providing Plaintiff's file permitted her to proceed in a tardy fashion simply will not withstand scrutiny, for the reasons set forth more than adequately in Judge Neiman's memorandum. Judge Neiman's rationale is further supported by the replies of both Defendants to Plaintiff's objection. The logic of the First Circuit's decision in *DiGregorio v. Hartford Comprehensive Employee Ben. Serv. Co.*, 423 F.3d 6 (1st Cir.2005), makes clear that the failure of Plaintiff here to demonstrate any prejudice resulting from the incomplete disclosure of the file is fatal to any argument that she should be deemed to have exhausted her administrative remedies.

For the foregoing reasons, the court, upon de *novo* review, hereby ADOPTS the Report and Recommendation (Dkt. No. 26). Based upon this, the court hereby ALLOWS Defendants' Motions for Summary Judgment (Dkt. Nos. 11 & 15). The clerk is ordered to enter a judgment for Defendants. This case may now be closed.

It is So Ordered.

## REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (Document Nos. 11 and 15)

NEIMAN, United States Magistrate Judge.

In this case, Mary Shaffer ("Plaintiff") seeks disability benefits pursuant to an employee welfare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plan was funded by a group policy issued by Unum Life Insurance Company of America ("Unum") to Plaintiff's former employer, Foster–Miller, Inc. ("Foster–Miller"). Unum and Foster–Miller (together "Defendants") have both moved for summary judgment and the motions have been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court will recommend that Defendants' motions be allowed.

### I. STANDARD OF REVIEW

"Summary judgment is warranted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Uncle Henry's, Inc. v. Plaut Consulting Co.*, 399 F.3d 33, 41 (1st Cir.2005) (quoting Fed. R. Civ. Pro. 56(c)). "The party with the burden of proof must provide evidence sufficient for the court to hold that no reasonable fact-finder could find other than in its favor." *Scottsdale Ins. Co. v. Torres*, 561 F.3d 74, 77 (1st Cir.2009).

## II. BACKGROUND

For purposes of the present motions, the following facts are undisputed. Several additional facts which arose in a supplemental memorandum Plaintiff filed on June 19, 2009, are addressed in the Discussion section below.

Plaintiff was a participant in a welfare benefit plan governed by ERISA and funded by an insurance policy issued by Unum to Plaintiff's former employer, Foster–Miller. (Compl. ¶¶ 7, 9.) In March of 2005, Plaintiff applied for disability payments under the plan, alleging that she suffered from toxic encephalopathy, dysautomania, immune deficiency, irritable bowel syndrome, insomnia, chronic fatigue, chemical sensitivity, and altered executive functioning. (*Id.* ¶¶ 11–12.)

In July of 2005, after reviewing the claim, Unum, as claims administrator, determined that Plaintiff was not qualified for benefits. (*Id.* ¶ 15.) In its denial letter dated July 29, 2005, Unum advised Plaintiff of her right to submit an administrative appeal within 180 days. (*Id.* ¶ 16.) Plaintiff, however, did not submit a request for an administrative appeal until July 30, 2007, approximately two years later. (*Id.* ¶ 18.) Because the 180–day deadline had long expired by that time, Unum, as explained in a letter dated August 3, 2007, did not accord Plaintiff an administrative appeal. (*Id.;* Unum's Motion for Summ. J., Ex. D.)

Plaintiff's instant complaint, filed on July 11, 2008, while not entirely pellucid, appears to raise two separate causes of action. First and foremost, the complaint is pled throughout as an ERISA action "to obtain judicial review of ... the denial of benefits under the ... Plan." (Compl., Introduction.) Along these lines, Plaintiff, in her "Claims for Relief," requests that the court "[r]everse the decision of [Unum] and award benefits to [her] pursuant to

the Plan." (*Id.,* Claims for Relief ¶ C.) Defendants aptly describe this cause of action, without any objection from Plaintiff, as a claim to recover benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (hereinafter "section 1132(a)(1)(B)").

Second, Plaintiff appears to raise, in what she calls "Count I," a "breach of fiduciary duty" cause of action. (*See id.* ¶¶ 20–22.) Specifically, she asserts that "Defendants breached their fiduciary duties by including a 180 day limitation for appeals in the Plan, by enforcing such a provision and by failing to inform [her] of the potential consequences of a late appeal." (*Id.* ¶ 22.) Defendants describe this cause action, again without any objection from Plaintiff, as a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) (hereinafter "section 1132(a)(3)").

## III. DISCUSSION

■ Defendants' motions require little discussion with regard to Plaintiff's two causes of action. First, as to Plaintiff's breach of fiduciary duty (section 1132(a)(3)) cause of action, the First Circuit has consistently held that the availability of adequate relief under section 1132(a)(1)(B) to recover benefits due under the terms of a plan bars a separate claim for breach of fiduciary duty under section 1132(a)(3) as a matter of law. *See LaRocca v. Borden, Inc.,* 276 F.3d 22, 28 (1st Cir.2002); *Turner v. Fallon Community Health Plan, Inc.,* 127 F.3d 196, 200 (1st Cir.1997). *Accord Gammell v. Prudential Ins. Co. of Am.,* 502 F.Supp.2d 167, 170–71 (D.Mass.2007). This is true whether or not the plaintiff is able to ultimately prevail on her section 1132(a)(1)(B) claim. *See Gammell,* 502 F.Supp.2d at 171. Here, Plaintiff does not appear to contest Defendants' motions to the extent they seek a dismissal of her claim for breach of

fiduciary duty on such grounds. (See Unum's Reply to Pl.'s Opp'n to Motion for Summ. J. at 2 n. 1.) Accordingly, the court has little choice but to recommend that summary judgment enter in Defendants' favor with regard to the breach of fiduciary duty (section 1132(a)(3)) cause of action.

■ Second, the court will recommend that summary judgment enter in Defendants' favor as well with regard to Plaintiff's denial of benefits (section 1132(a)(1)(B)) cause of action. Put bluntly, it is well-settled that the exhaustion of administrative remedies is a necessary prerequisite to judicial review under section 1132(a)(1)(B), *see Madera v. Marsh USA, Inc.*, 426 F.3d 56, 61 (1st Cir.2005); *Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir.1998); *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825–26 (1st Cir.1988), and, here, it is clear that Plaintiff failed to exhaust her administrative remedies by failing to timely request an appeal of the denial of her claim.

To be sure, in her initial opposition memorandum, Plaintiff offered several arguments—which she repeats in her supplemental memorandum—in an attempt to thwart the exhaustion requirement, but none of these arguments, in this court's estimation, carry much weight. For example, Plaintiff originally asserted—and repeats in her supplemental memorandum— that the plan's 180–day administrative appeal requirement creates a "statute of limitations" contrary to state law. But that is simply not the case. As Defendants note, the applicable ERISA regulations actually *require* disability benefit plans to provide at least 180–days for administrative appeals, *see* 29 C.F.R. §§ 2560.503–1(h)(3)(i), 2560.503–1(h)(4), 2560.503–1(m)(4), the exact amount of time Unum allotted Plaintiff here.

■ Similarly misplaced in the court's view is Plaintiff's assertion—which she again repeats in her supplemental memorandum—that Unum was obligated to accept her appeal, even though quite late, because plan fiduciaries, such as Unum, must act "solely in the interest of the beneficiary." However, as Defendants point out, Plaintiff neglects to mention that the ERISA statute actually says that fiduciaries must act in the interest of all *"beneficiaries,"* not just her. 29 U.S.C. § 1104(a)(1) (emphasis added). Even more importantly, Plaintiff ignores the First Circuit's admonition that there is "a responsibility on the claimant's part to file appeals in a timely fashion" in order "to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a non-adversarial dispute resolution process; and decrease the costs and time of claims settlement." *Terry*, 145 F.3d at 40 (citations and internal quotation marks omitted). According to the First Circuit, "[i]t would hardly make sense to permit the filing of an appeal over one year late in light of the internal claims procedures' aims of consistency and economy." *Id.* "Haphazard waiver of time limits," the court continued, "would increase the probability of inconsistent results where one claimant is held to the limitation, and another is not." *Id.* "Similarly," the court concluded, "permitting appeals well after the time for them has passed can only increase the cost and time of the settlement process." *Id.*

■ Relatedly, the court believes that Plaintiff's suggestion that she be permitted to obtain limited discovery to prove that exhaustion would be futile (see Pl.'s Opp'n to Defs.' Motions for Summ. J. with Mem. in Support at 6–7) also falls short. For one thing, Plaintiff has failed to follow the requirements for such a request as outlined in Fed. R. Civ. 56(f), to wit, that she file an affidavit showing: (1) "good cause

for [her] inability to have discovered or marshalled the necessary facts earlier in the proceedings"; (2) "a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time"; and (3) "an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion." *Rivera–Torres v. Rey–Hernandez,* 502 F.3d 7, 10 (1st Cir.2007). More importantly, Plaintiff offers no explanation as to how a timely-filed administrative appeal would have proven futile, other than citing the decision in *Radford Trust v. First Unum Life Ins. Co. of Am.,* 321 F.Supp.2d 226 (D.Mass.2004), in which District Judge William G. Young was critical of Unum. Plaintiff's boilerplate assertion—essentially that "Unum is bad"—is simply insufficient to either prove futility or obtain discovery. *Compare Drinkwater,* 846 F.2d at 825–26 (plaintiff's accusation that there was not the "slightest possibility that the plan administrator could be objective, unbiased and act in the best interest of the beneficiary" was insufficient to support a claim of futility).

■ Were these the sum total of Plaintiff's arguments, it would be easy for the court to recommend that Defendants' motions for summary judgment be allowed. As mentioned, however, Plaintiff filed a supplemental memorandum on June 19, 2009, which presented a new argument based on facts alleged in the affidavit of her former lawyer, John S. Wessler.[1] Wessler avers that on October 31, 2005— within the original 180 days—his office requested from Unum "a copy of all documents which it reviewed and upon which it based its denial." (Wessler Aff. ¶ 7.) Wessler also avers that although Unum "claim[ed] to have sent a 'complete' file on

November 7, 2005"—again within the original 180 days—it actually "did not." (*Id.* ¶ 8.) According to Wessler, on February 2, 2007—or about fifteen months later—his office notified Unum "that we had not received a complete copy of the file, and enumerated those documents that we believed were part of the record and which had not been included in the prior 'complete' file." (*Id.*) Continuing, Wessler avers that on February 12, 2007, Unum finally "sent the complete file, *including the documents that had not been provided the first time,* and within 180 days of receiving the now complete file, we requested an appeal." (*Id.* ¶ 9 (emphasis added).)

Assuming the truth of Wessler's affidavit—that Unum failed to forward a complete file until February 12, 2007—Plaintiff now argues that her cause of action under section 1132(a)(1)(B), *i.e.,* the denial of benefits, still has traction despite the lateness of her appeal. In particular, Plaintiff points to one ERISA regulation which provides that, if a plan fails to "follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies under the plan and shall be entitled to pursue any available remedies under [29 U.S.C. § 1132(a)] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 C.F.R. § 2560.503–1(*l*). One such "requirement," Plaintiff notes, is that a claimant "be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503–1(h)(2)(iii). Here, Plaintiff argues, since Wessler avers that he was not provided

---

**1.** Plaintiff provides no explanation why these facts were omitted from both her complaint dated July 11, 2008, and her original summary judgment opposition dated February 25, 2009.

"all documents, records and other [relevant] information," her lack of a timely appeal is excused pursuant to 29 C.F.R. § 2560.503–1(*l* ).

There are three significant flaws with Plaintiff's new argument. First, Wessler's affidavit is directly contradicted by Unum's August 3, 2007 denial letter wherein it informed Plaintiff that "[a] complete copy [of the file] was sent to you on November 7, 2005" and that "[o]n February 12, 2007 we send [sic] you a second copy of your client's complete file." (Unum's Motion for Summ. J., Ex. D.) In this regard, the court notes that Plaintiff's current counsel does not himself adopt the truth of Wessler's representation but merely states that "*Mr. Wessler contends* [Unum] did not send all relevant documents" on November 7, 2005. (Pl.'s Opp'n to Def.'s Motions for Summ. J. with Mem. in Support (Amended) at 2 (emphasis added).)[2] Nonetheless, for purposes of the instant summary judgment motions, the court will presume that Plaintiff, via Wessler, did not receive a complete copy of the file until February 12, 2007. (See also Unum's Response to Pl.'s Amended Opp'n to Summ. J. at 2 n. 1 ("Unum vigorously denies that it did not provide [Plaintiff] with a complete file" originally, but for purposes of opposing Plaintiff's new argument will assume that allegation to be true.).)

Second, Unum, in its response to Plaintiff's supplemental memorandum, makes a compelling argument that Plaintiff missed the 180–day appeal period no matter how one counts the days, even if some of the time period was equitably tolled as Plaintiff seems to request. By October 31, 2005—when Plaintiff finally requested her file—she had already used up 94 of her 180 days. Accordingly, on February 12, 2007—when the "complete" file was sent to her—Unum asserts that she had only 86 days left, but then waited until July 30, 2007, or another 168 days, to ultimately request her appeal. Plaintiff's suggestion that the 180–day appeal period did not *begin* to run until she received the "complete" file finds no support in either the ERISA statute, regulations or case law.

The third flaw in Plaintiff's argument, in the court's estimation, is the most serious: nowhere in either Wessler's affidavit or Plaintiff's supplement is there *any* explanation as to why it took Wessler *fifteen months*—from November 12, 2005, to February 2, 2007—to bring the missing documents to Unum's attention. As Unum puts it: "Apparently, [Plaintiff] would have this Court adopt a standard whereby a claimant, if they [sic] believe they have not received a complete file, can wait as long as they would like to call this to the administrator's attention, without any ramification." (Unum's Supp. Mem. at 5.) Obviously, such a standard would quickly become ridiculous. Could a claimant wait three years to tell an administrator that documents are missing and, hence, preventing her from the completing the ministerial task of requesting an appeal? Five years? Twenty? Surely not.

Accordingly, the court is drawn to Unum's main counter-argument to Plaintiff's supplemental memorandum, *i.e.*, that Plaintiff herself bore the responsibility of timely pursuing her administrative remedies or, at least, of showing that she was somehow prejudiced when Unum did not initially provide her a complete file. Plain-

---

2. In this vein, the court takes note of Plaintiff's statement in her request to file her supplemental memorandum that "[t]here is a professional negligence claim pending against Mr. Wessler, an action which has been stayed in state court pending the outcome of the present case." (Pl.'s Motion to File an Amended Opp'n to Defs.' Motions for Summ. J. and Mem. in Support at 1.)

tiff's argument to the contrary, there is support for Unum's position in the First Circuit's decision in *DiGregorio v. Hartford Comprehensive Employee Ben. Serv. Co.*, 423 F.3d 6 (1st Cir.2005). There, too, the claimant argued that she failed to get a full and fair review because the plan administrator did not provide her with a complete copy of the file. *Id.* at 15–16. The First Circuit, however, held that the claimant had to "show prejudice in a relevant sense." *Id.* at 16. And, like Plaintiff here, the claimant in *DiGregorio* utterly failed to show that the lack of a "complete claim file had any impact on her meaningful participation in the internal review process or otherwise impaired her ability to prepare an informed response to [the plan administrator]'s decision." *Id.* at 17 (citation, internal quotation marks, and alterations omitted). Lacking any such showing let alone claim of prejudice, Plaintiff's supplemental argument collapses of its own weight.[3]

In the end, it becomes clear that Plaintiff, through Wessler, bore the sole responsibility for exhausting her administrative remedies but failed to do so.

Accordingly, the court is compelled to recommend that summary judgment enter in Defendants' favor on both of Plaintiff's causes of action.

### IV. CONCLUSION

For the reasons stated, the court recommends that Defendants' motions for summary judgment be ALLOWED.[4]

DATED: July 7, 2009

---

**3.** At oral argument, Plaintiff suggested that *DiGregorio* does not apply since it dealt with certain regulations as they existed prior to being amended effective January 1, 2002. *See id.* at 14 n. 4. That argument is a red-herring, however, given that the most relevant focus of *DiGregorio*, for present purposes, is its prejudice language. In any event, even *DiGregorio* recognizes that the Department of Labor has apparently given both the earlier and later versions of its regulations a consistent construction. *See id.*

**4.** The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.